UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL DROGOSZ,

        Plaintiff,

   v.                                CAUSE NO. 3:22-CV-387-DRL-MGG

MARK NEWKIRK *et al.*,

        Defendants.

OPINION AND ORDER

Michael Drogosz, a prisoner without a lawyer, filed a complaint raising three claims. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In claim one, Mr. Drogosz alleges Grievance Processor Mark Newkirk refused to properly process his grievances. ECF 1 at 12-13. In claim two, he alleges Grievance Processor Newkirk continued to refuse to process his grievances after Mr. Drogosz told him refusing to do so was a constitutional violation. *Id*. at 13. These allegations do not state a claim because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due

Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Mr. Drogosz alleges he was grieving the cost medical co-pays. ECF 1 at 3. The complaint does not allege Grievance Processor Newkirk was responsible for medical co-pays. These two counts don't state a claim.

In count three, Mr. Drogosz alleges Grievance Processor Newkirk issued a conduct report charging him with threatening in retaliation for his threatening to sue for not processing his grievances. ECF 1 at 13. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted).

It is undisputed "[a] prisoner has a First Amendment right to make grievances about conditions of confinement . . .." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005). However, that right must be exercised "in a *manner* consistent with his status as a prisoner." *Id*. (emphasis in original, citation omitted). In *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009), an inmate alleged he "threatened the Defendant that he was going to file a grievance against her because it was inappropriate for her to kick his cell door, turn his lights on and off, and slam his cell trap while he was sleeping." *Id.* at 554. In rejecting that argument and affirming the district court's dismissal order, the Seventh Circuit noted, "it seems

2

implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance." *Id*. at 555 (emphasis in original); *see also Clark v. Reed*, 772 Fed. Appx. 353, 355 (7th Cir. 2019) (citing *Bridges* and finding qualified immunity applied to shield the defendant because it had not been clearly established "that a threat to file a grievance was protected"); *Cobian v. McLaughlin*, 717 Fed. Appx. 605, 612–13 (7th Cir. 2017) (citing *Bridges* and finding the inmate's "threat to go to court" if the prison staff member did not perform research and update his file as requested was not a protected activity).

Mr. Drogosz acknowledges he threated to sue Grievance Processor Newkirk. Because threats are not First Amendment protected speech, Grievance Processor Newkirk did not unconstitutionally retaliate against him when he issued a conduct report charging him with threatening.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 16, 2022                                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court